IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HELEN ANN MANGAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 C 7203 |
| v. ) | |
| ) | Magistrate Judge Daniel G. Martin |
| **CAROLYN COLVIN,** ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On May 13, 2014, the Court granted Plaintiff Helen Mangan's motion for summary judgment. The decision of the Administrative Law Judge ("ALJ") was remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. The Court found that the ALJ failed to build a logical bridge between the evidence and her assessment of Mangan's residual functional capacity ("RFC"). The ALJ's findings on credibility and medical equivalence were affirmed. The Commissioner subsequently brought a timely Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). The motion is granted for the reasons stated below.

### Legal Standard

Motions for reconsideration do not exist under the Federal Rules. *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). Such motions are properly brought pursuant to Rule 59(e) or Rule 60(b). Rule 59(e) gives a moving party a somewhat lower threshold of proof than that provided by Rule 60(b). A Rule 59(e) motion can be granted if the movant demonstrates that the decision involved

a manifest error of law or presents new evidence that could not have been discovered earlier. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). The decision whether to grant or deny a Rule 59(e) motion is entrusted to the judgment of the court. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## **Discussion**

The Court remanded the ALJ's decision because it failed to state the reasons that supported the contradictory RFC assessment. The ALJ claimed that she gave substantial weight to a state agency opinion finding that Mangan could perform medium work. In reality, the ALJ significantly revised this report and restricted Mangan to light weight. In doing so, the ALJ provided no explanation of how the record supported her conclusion. Plaintiff failed to address any of the relevant RFC issues. She only stated in broad terms that the ALJ did not include the narrative discussion required by SSR 96-8p. The Commissioner also overlooked the RFC problems, but claimed that any error that existed was merely harmless. The Court rejected that position. The Commissioner now argues that the Court misunderstood the nature of the harmless error rule and how it applies.

The Commissioner first suggests that the Court should not have addressed the harmless error rule at all because Mangan did not raise it in her motion or reply brief. It is true that Plaintiff ignored the matter. The government, however, raised the issue in its motion for summary judgment. The fact that Mangan failed to respond to it does not mean that the issue had to go undiscussed. Even if the government had not raised it, a reviewing court may *sua sponte* address issues in social security cases. *See*, *e.g.*, *Wenzlick v. Astrue*, 2009 WL 2777711, at *2 (E.D. Mich. Aug. 28, 2009) ("Several courts have found

2

that a reviewing case may order remand *sua sponte*.") (citing cases); *Womack v. Astrue*, 2008 WL 2486524, at *5 (W.D. Okla. June 19, 2008) (citing cases).

The Commissioner's more fundamental argument is that this Court misunderstood the nature of the harmless error rule. The Court stated the issue as follows: "Harmless error only exists if a court can state with great confidence that the ALJ would reach the same result on remand." As the Court noted, this standard is derived from the Seventh Circuit's decision in *Spiva v. Astrue*, 628 F.3d 346 (7th Cir. 2010). *Spiva* addressed the government's argument in that case that harmless error only exists if the evidence could show that the ALJ *might* reach the same decision on remand. *Cf. Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result."). The Seventh Circuit clarified in *Spiva* the standard that applies to this issue:

> If it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time. . . . [T]he fact that the administrative law judge, had she considered the entire record, might have reached the same result does not prove that her failure to consider the evidence was harmless. Had she considered it carefully, she might well have reached a different conclusion.

*Spiva*, 628 F.3d at 353. *Spiva* stressed that this formulation was intended to address a line of contrary arguments by the Commissioner, both in this circuit and in others. *Id*.

The Commissioner contends that this Court assumed that the harmless error rule involves a set of presumptions that obligate the government to show beyond a reasonable doubt that the ALJ would reach the same finding on remand. The government contends

3

that the standard this Court relied on is more appropriate to criminal cases, and that the true standard is found in *Shineski v. Sanders*, 556 U.S. 396 (2009).¹ That case involved a decision from the Department of Veterans Affairs that a number of courts have applied to social security cases. *See, e.g.*, *Molina v. Astrue*, 674 F.3d 1104, 1117-19 (9th Cir. 2012); *Rosell v. Colvin*, 2014 WL 2938400, at *9-10 (N.D. Ind. June 30, 2014). *Sanders* rejected the use of presumptions of error because they prevent a court "from resting its conclusion on the facts and circumstances of the particular case" at hand. *Sanders*, 556 U.S. at 408. The Commissioner argues that this Court erroneously relied on the presumption that any shortcoming in the ALJ's opinion was harmful. The government also believes that the Court placed the burden on the Commissioner to demonstrate that was not the case.²

---

¹ The Commissioner argues that the Court should apply *Sanders* instead of *Spiva* because the Seventh Circuit has not yet had an opportunity to consider its harmless error jurisprudence in light of the Supreme Court's ruling. (Reply at 1). That is clearly incorrect. *Sanders* predates *Spiva*, which the Seventh Circuit has continued to cite in its harmless error rulings. *See, e.g.*, *Schomas v. Colvin*, 732 F.3d 702, 707-08 (7th Cir. 2013) ("[W]e will not remand a case to the ALJ for further explanation if we can predict with great confidence that the result on remand would be the same."); *Arnett v. Astrue*, 676 F.3d 586, 593 (7th Cir. 2012); *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011); *Mueller v. Colvin*, 524 Fed.Appx. 282, 285 (7th Cir. 2013). The fact that the Seventh Circuit has not applied *Sanders* to the harmless error rule is not the same as claiming that it has not had the opportunity to do so.

² The Commissioner does not carefully distinguish between the Court's reliance on *Spiva* and the manner in which the Court actually applied the harmless error standard. The Court has no wish to attribute an argument to the government that it is not making. However, the Commissioner seems to assume that a fundamental rift exists between the language the Court used – which restated the *Spiva* standard almost *verbatim* – and the "prejudice" standard of *Sanders*. This Court does not believe that the two decisions are fatally at odds with one another. If that is what the government is arguing, however, then it must bring that claim before the Seventh Circuit. As it stands, *Spiva* and the cases that follow it are binding on this Court.

That is simply wrong. Notably, the government does not cite any part of the Court's opinion to support its puzzling claim. The Court neither relied on a burden of proof nor suggested that the ALJ's error was presumably harmful. Presumptions of error and strict burdens of proof have no place in cases of this type. *Sanders* forbids it, 556 U.S. at 407, and *Spiva* does not require it. The harmless error rule must always be applied in light of the specific facts of a case. That is why the Court identified errors in the ALJ's decision that were relevant to the harmless error analysis.

The Commissioner's real complaint appears to be that the Court misapplied the harmless error rule. The government cites a number of authorities along that line. One is *Pepper v. Colvin*, 712 F.3d 351 (7th Cir. 2013). That case found, in part, that an ALJ's failure to discuss the limitations that stemmed from a claimant's obesity was harmless when the RFC was based on restrictions identified by doctors who noted that obesity contributed to the claimant's limitations. *Id.* at 364-65; *see also Kittelson v. Astrue*, 362 Fed.Appx. 553, 559 (7th Cir. 2010). The opposite is true in this case. The state agency physician's RFC did *not* consider Mangan's obesity. The government overlooked that in its earlier motion. It continues to do so here.

For the most part, the Commissioner's other authorities also involve an ALJ's oversight of record evidence that did not amount to harmful error. This does not address the issues at stake here. As the Court noted, the ALJ in this case did not overlook evidence; she re-evaluated the record by using criteria that went unexplained. The Court's basic point was that the ALJ did not build a logical bridge between the record and the RFC. The ALJ *said* that she gave substantial weight to the state agency physician's RFC. What

5

she actually did was to reject most of its primary findings, and to assign a different RFC with an independent set of restrictions that no medical expert assessed.

It was for that reason that the Court found the Commissioner's harmless error argument unpersuasive. The government relied almost exclusively on the state agency report without acknowledging that the ALJ had already determined that it did not accurately reflect Mangan's true condition. Thus, the Commissioner's citation of Dr. Bilinsky did not (1) recognize the ALJ's disagreement with that expert or (2) account for Dr. Bilinsky's failure to consider Mangan's obesity or to assess future MS restrictions. Courts do not ordinarily uphold ALJ decisions in the absence of a logical bridge even when enough evidence exists in the record to support the disability finding. *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996).

One problem with this analysis was that Mangan herself was silent on almost all of the relevant issues. Her RFC argument rested primarily on the claim that the ALJ was required to provide a function-by-function analysis. That is a non-starter for the reasons cited in the Court's decision. Mangan's only substantive argument now is that, if the case is remanded, the ALJ will be required to consider "other, later medical evidence in the record." (Resp. at 2). This conclusory claim fails to identify what evidence the ALJ would review. It certainly does not explain why it would alter the ALJ's finding. The Court found earlier that the ALJ did not overlook any part of the record that was material to the disability analysis. As the Court explained in distinguishing these facts from the Commissioner's authorities, this is not a case where the ALJ disregarded evidence that was favorable to the claimant.

That being said, the Court agrees with the Commissioner that there is little reason

to believe the ALJ would reach a different result if she were to state her reasons more fully. The ALJ examined the relevant medical evidence with some care and concluded that "[t]here is nothing in the record which would preclude her from performing light work." (R. 24). This was, of course, more generous to Mangan than the objective record suggests. Mangan has not cited any evidence that casts doubt on this finding. The Court finds that none exists. No physician opined that she could lift, push, pull, or carry less than the ALJ thought. Mangan also claims that the ALJ would be required to re-evaluate her mental capacities on remand. But she again fails to point to any evidence that the ALJ overlooked, or anything that suggests that she has limitations that would alter the ALJ's finding.

Remand might elicit a clearer statement of the ALJ's reasoning on the issue. It is highly probable, however, that the ALJ would still find that Mangan is capable of performing work that would make her ineligible for disability benefits. To find otherwise would be to assume that the ALJ would conclude that her entire evaluation of the record was fatally flawed, and that Mangan was considerably more impaired than the ALJ thought. There is no evidence to support such a supposition, as indicated by Mangan's reliance on "other" medical records.

In essence, therefore, the argument comes down to Mangan's reliance on unspecified evidence to state that it "is not necessarily the case" that the ALJ would reach the same decision on remand. (Doc. 52 at 2). Indeed, she does not even claim that one can say with confidence that the ALJ would do so. Mangan's lack of specificity, combined with her failure to acknowledge that the ALJ was more generous to her than the record suggested, fails to address the Commissioner's basic argument that the harmless error rule

applies to this case. The Court finds that it does.

## Conclusion

For these reasons, the Commissioner's Rule 59(e) motion [49] is granted. The Court vacates that portion of its earlier order concerning harmless error [47] and its judgment remanding the case pursuant to sentence four of 42 U.S.C. § 406(g) [48]. The Commissioner's final decision is affirmed.

                                        **ENTERED:**

                              _____
                               **DANIEL G. MARTIN**
                           **United States Magistrate Judge**

Dated: August 28, 2014